NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF SAULO DEL ROSARIO, Deceased, by its Administrators Ad Prosequendum, CARMEN GONZALEZ (a/k/a CARMEN DOLORES PAYERO GONZALEZ) and YUNIOR J. REYES GONZALEZ (a/k/a YUNIOR J. REYES); CARMEN GONZALEZ, Individually; YUNIOR J. REYES GONZALEZ, Individually; STEVEN JAVIER DEL ROSARIO, a minor by his Guardians, CARMEN GONZALES AND YUNIOR J. REYES GONZALES; ELVIO DEL ROSARIO; DIOMEDES DEL ROSARIO, Individually; DIOSMENDY DEL ROSARIO, YANIRIS DEL ROSARIO, by their Guardian, DIOMEDES DEL ROSARIO; LEIDY DEL ROSARIO; HONEY DEL ROSARIO; MARTHA DEL ROSARIO; CARMELINA DEL ROSARIO, EMELY DEL ROSARIO, MISAEL DEL ROSARIO, and MIGUEL DEL ROSARIO by their Guardian, MARTA DEL ROSARIO, <br><br> Plaintiffs, <br><br> v. <br><br> PATERSON POLICE DEPARTMENT, CITY OF PATERSON, PATERSON POLICE OFFICER MARJ KUSH, PATERSON POLICE OFFICER ANGEL SANDOVAL, PATERSON POLICE OFFICER ANTHONY PETRAZZUOLO, PATERSON POLICE SERGEANT TROY BAILEY, PATERSON POLICE OFFICER ROBERT CHALLICE, PATERSON POLICE OFFICER GIUSEPPE | Civ. No. 14-5167 (WJM) <br><br> OPINION |

1

| |
|---|
| CIARLA, SUPERVISORY OFFICALS I-X (names presently unknown), OFFICERS I-X (names presently unknown), ENTITIES I-X (names presently unknown),<br><br>    **Defendants.** |

On September 1, 2012, Saulo Del Rosario died after a Paterson police officer shot him in the head. (Complaint at ¶ 1). This action, brought on behalf of his estate and by members of his family, followed. Defendants City of Paterson and Paterson Police Department ("Municipal Defendants") filed this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and individual Defendant Officer Marj Kush submitted a letter to join in the Motion. For the reasons set forth below, the Motion is granted in part with respect to the Municipal Defendants and denied with respect to Marj Kush.

## I.    BACKGROUND

On July 6, 2012, Saulo Del Rosario was treated at St. Joseph's Hospital in Paterson, New Jersey for seizures. Doctors prescribed medication for Saulo Del Rosario to prevent the seizures. The discharge instructions stated, "Call 911 and return to the ED if your symptoms return or worsen." On the morning of September 1, 2012, Saulo's family members became concerned about his medical status. The night before, Saulo closed himself in his bedroom. In the morning, he refused to come out of the bedroom, and the bedroom door was closed and secured on the inside by an eye-hook latch. (Complaint at ¶¶ 17-19).

Saulo's son, Honey Del Rosario had a friend who spoke English call 911. The 911 operator dispatched Paterson Police and designated the call as an "EDP" (emotionally disturbed person). Upon their arrival, the police officers spoke briefly to Saulo's sister, Marta Del Rosario, who advised officers that she was concerned that Saulo would have a convulsion as he did not take his medication that morning. Police officers attempted to communicate with Saulo through the door, but he was not responsive. (Complaint at ¶¶ 17-24).

Police Officers began removing the members of Saulo's immediate and

extended family from the home. A few officers positioned themselves outside Saulo's window, and others prepared to breach the bedroom door. The police officers who breached the door where holding a Baker Shield, a soft, bendable shield designed to protect as many as three officers from attack, including gunshots. (Complaint at ¶¶ 26-31).

The police officers inside the home breached the door by kicking it opened. Saulo was holding a hammer. Officer Marj Kush ordered Saulo to drop the hammer. When he did not, Kush fired two shots from behind the Baker Shield. One shot hit Saulo in the mouth. Saulo was transported to St. Joseph's Hospital where he was pronounced dead from a "gunshot wound of head." (Complaint at ¶¶ 33-37).

Plaintiffs filed a twelve-count Complaint:

**COUNT 1:**  42 U.S.C. § 1983 (General Allegation)
**COUNT 2:**  Excessive Use of Force
**COUNT 3:**  Conspiracy
**COUNT 4:**  Negligence
**COUNT 5:**  Excessive Force (against individual police officers)
**COUNT 6:**  Wrongful Death
**COUNT 7:**  Survivorship
**COUNT 8:**  Intentional Infliction of Emotional Distress
**COUNT 9:**  Negligent Infliction of Emotional Distress
**COUNT 10:** Tortious Conduct of Employees
**COUNT 11:** Negligent Hiring and Training
**COUNT 12:** Negligent Supervision

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a short and plain statement of the claim showing the pleader is entitled to relief sufficient to give the defendant fair notice of the claim and the grounds upon which it rests. *In re Riddell Concussion Reduction Litig.*, Civ. No. 13-7585, 2015 WL 224429, at *7 (D.N.J. Jan. 15, 2015) (*citing Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which

relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (*citing Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* at 678.

Courts have long held that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (*citing Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).

## III.   DISCUSSION

The moving papers argue that the following causes of action should be dismissed against the Municipal Defendants:

### A. Section 1983 Cause of Action – Count One

The Municipal Defendants argue that the Complaint failed to allege a policy, practice, or custom of civil rights violation, which is necessary to sustain a Section 1983 action against a municipality. The argument is persuasive.

4

Under the seminal case of *Monell v. Dep't of Social Srvs.*, 436 U.S. 658 (1978), a municipality may be held liable for a constitutional violation committed by its employee when such violation flows from a policy, practice, or custom of such violations. Here the Complaint plainly fails to allege any policy, practice, or custom.[1]

### B. Conspiracy – Count Three

Count three of the Complaint alleges that all of the Defendants conspired to "delay and impair the investigation." Under state law, a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005). There are also several federal statutes creating causes of action for conspiracies to violate civil rights.

The Municipal Defendants argue, and the Plaintiffs do not dispute, that the Complaint fails to specify the legal nature of the conspiracy, whether it is a state law conspiracy action or a federal action for conspiracy to violate civil rights. Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the facts. *See Kaplan v. Madan Plastics, Inc.*, Civ. No. 91-5968, 1992 WL 13194, at *3 (E.D. Pa. Jan. 24, 1992). "The crucial question in a motion to dismiss based on lack of specificity is whether 'sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer.'" *Id.* (*quoting Frazier v. Southeastern Pennsylvania Trans. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986)).

Here, the facts alleged make it plausible that a conspiracy existed. However, the selection of a legal theory will have an impact on the Defendants' ability to properly respond to the Complaint because a federal cause of action for conspiracy to violate civil rights has its own special pleading requirements and defenses. *See, e.g., Schlichten v. Cnty. of Northampton*, 279 F. App'x 176, 179 (3d Cir. 2008) (noting that a federal conspiracy charge must be plead with specificity).

Where a cause of action is sufficiently intelligible for the district court to make out one or more potentially viable legal theories on which the claimant

---

[1] The Municipal Defendants also state that Count Five should be dismissed for a lack of policy, practice, or custom. However, Count Five only applies to the police officer defendants. The Motion is therefore denied as moot with respect to this request.

5

might proceed; but at the same time, too vague or ambiguous for the opposing party to properly respond to it, Federal Rule of Civil Procedure 12(e) permits the Court to demand a more definite statement. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005). The Court will demand a more definite statement of the alleged conspiracy's legal theory and factual basis.

### C. Negligence – Count Four

To state a negligence claim, a plaintiff must establish: "(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages." *Bullock v. Ancora Psychiatric Hosp.*, Civ. No. 10-1412, 2011 WL 3651352, at *10 (D.N.J. Aug. 18, 2011) (alterations in original) (*citing Polzo v. Cnty. of Essex*, 196 N.J. 569, 584 (2008)). Plaintiffs plausibly allege that firing a gun into Saulo's head was a breach of Marj Kush's duty of care, resulting in Saulo's death.

The claim is also plausible against the Municipal Defendants. The New Jersey Tort Claims Act generally permits *respondeat superior* liability. *Rocco v. New Jersey Transit Rail Operations, Inc.*, 330 N.J. Super. 320, 335 (App. Div. 2000); N.J.S.A. 59:2-2 ("A public entity is liable for injury proximately caused by an act or omission of a public employee"). The Motion is therefore denied with respect to Count Four.

### D. Wrongful Death – Count Six

New Jersey's Wrongful Death Act creates a cause of action against a party whose negligence or wrongful act causes the death of another. *See* N.J.S.A. 2A:31-1. The Municipal Defendants vaguely argue that this cause of action should be dismissed for failure to meet the pleading standard. The arguments are not persuasive. The Complaint adequately puts Defendants on notice that they are being accused of negligent or intentional acts that resulted in Saulo's death.

### E. Survivorship – Count Seven

N.J.S.A. 2A:15-3 authorizes the administrator of a decedent's estate to bring a civil survivorship action. "The damages recoverable are those that decedent would have had if he had survived." *Barbaria v. Sayreville Twp.*, 191 N.J. Super. 395, 401 (App. Div. 1983). The survivorship action permits the

administrator of the estate to recover "all reasonable funeral and burial expenses in addition to damages accrued during the lifetime of the deceased" for the negligent or wrongful act of another that resulted in fatal injuries. *See* N.J.S.A. 2A:15-3. The Complaint alleges that Saulo Del Rosario died from injuries caused by Defendants' negligence. The caption of the Complaint notes that Carmen Gonzalez and Yunior Reyes Gonzalez are bringing this action as Administrators Ad Prosequendum for Saulo Del Rosario's estate. The Municipal Defendants' vague argument that the cause of action fails to meet the plausibility threshold of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) is undeveloped and not persuasive. Therefore, this Count of the Complaint survives the Motion to Dismiss.

### F. Intentional Infliction of Emotional Distress – Count Eight

Plaintiffs concede that there is no cause of action for intentional infliction of emotional distress against the Municipal Defendants. (Opposition Brief at 13). However, a claim has been stated against Marj Kush.

To state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must allege: (1) the defendant acted intentionally or recklessly, intending both to do the act and to produce emotional distress or acting recklessly in deliberate disregard of a high degree of probability that emotional distress will follow; (2) the defendant's conduct was extreme and outrageous, going beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; (3) the defendant's conduct was a proximate cause of the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff is so severe that no reasonable person could be expected to endure it. *Ingraham v. Ortho-McNeil Pharm.*, 422 N.J. Super. 12, 19-20 (App. Div. 2011) (citations and internal quotations omitted). In this case, the Complaint plausibly alleges each element of an IIED claim against Marj Kush.

### G. Negligent Infliction of Emotional Distress – Count Nine

A cause of action for the negligent infliction of emotional distress ("NIED") requires proof of the following elements: (1) the death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial relationship between plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress. *Abouzaid v. Mansard Gardens Associates, LLC*, 207

7

N.J. 67, 78 (2011). The Municipal Defendants argue vaguely and unpersuasively that the pleadings are deficient with regard to this cause of action. The Complaint does plausibly allege all the elements for a NIED claim. All the Plaintiffs allege that they were in or around the home when the police killed Saulo, allegedly causing emotional distress to all Plaintiffs.

### H. "Tortious Conduct of Employees" – Count Ten

In Count Ten of the Complaint, the Plaintiffs allege that the Municipal Defendants are liable for the tortious conduct of the individual Defendants. As discussed above, the New Jersey Tort Claims Act does permit *respondeat superior* liability. *Rocco v. New Jersey Transit Rail Operations, Inc.*, 330 N.J. Super. 320, 338 (App. Div. 2000); N.J.S.A. 59:2-2(a) ("A public entity is liable for injury proximately caused by an act or omission of a public employee"). The Moving Defendants' arguments for the dismissal of Count Ten are vague and unpersuasive.

### I. Negligent Hiring, Training, and Supervision – Counts Eleven and Twelve

In Counts Eleven and Twelve, the Complaint alleges that Municipal Defendants are liable for negligently hiring, training, and supervising the individual defendants. The Municipal Defendants argue that the allegations are too vague to meet the plausibility standard under *Iqbal*, 556 U.S. 662 (2009).

The New Jersey Appellate Division has held that a cause of action for negligent training and supervision can exist under the New Jersey Tort Claims Act where a police department knew or should have known of a dangerous propensity in a police officer. *See Denis v. City of Newark*, 307 N.J. Super. 304, 314 (App. Div. 1998). Counts Eleven and Twelve do allege that the Municipal Defendants were "on notice" of "their failure to control their employees, had notice of any prior violations, and failed to properly supervise their employees." (Complaint at ¶ 89). This pleading suffices to put the Municipal Defendants on notice of the allegations against them.

### IV. CONCLUSION

For the reasons set forth above, the Municipal Defendants' Motion to Dismiss is granted in part. Counts One (42 U.S.C. § 1983) and Eight (IIED) of the Complaint are dismissed against the Municipal Defendants. Dismissal is without prejudice as to Count One and with prejudice as to Count Eight. The

8

Motion is denied in its entirety with respect to Marj Kush.  Plaintiffs are ordered to submit a more complete statement of their conspiracy cause of action. Plaintiffs are ordered to file an Amended Complaint within 30 days of the Order following this Opinion.


/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**


**Date: April 16, 2015**