UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ESTATE OF SAULO DEL ROSARIO, Deceased, by its Administrators Ad Prosequendum, CARMEN GONZALEZ (a/k/a CARMEN DOLORES PAYERO GONZALEZ) and YUNIOR J. REYES GONZALEZ (a/k/a YUNIOR J. REYES); CARMEN GONZALEZ, Individually; YUNIOR J. REYES GONZALEZ, Individually; STEVEN JAVIER DEL ROSARIO, a minor by his Guardians, CARMEN GONZALES AND YUNIOR J. REYES GONZALES; ELVIO DEL ROSARIO; DIOMEDES DEL ROSARIO, Individually; DIOSMENDY DEL ROSARIO, YANIRIS DEL ROSARIO, by their Guardian, DIOMEDES DEL ROSARIO; LEIDY DEL ROSARIO; HONEY DEL ROSARIO; MARTHA DEL ROSARIO; CARMELINA DEL ROSARIO, EMELY DEL ROSARIO, MISAEL DEL ROSARIO, and MIGUEL DEL ROSARIO by their Guardian, MARTA DEL ROSARIO,**<br><br>    Plaintiffs,<br><br>            v.<br>**PATERSON POLICE DEPARTMENT, CITY OF PATERSON, PATERSON POLICE OFFICER MARJ KUSH, PATERSON POLICE OFFICER ANGEL SANDOVAL, PATERSON POLICE OFFICER ANTHONY PETRAZZUOLO, PATERSON POLICE SERGEANT TROY BAILEY, PATERSON POLICE OFFICER ROBERT CHALLICE, PATERSON POLICE OFFICER GIUSEPPE CIARLA, SUPERVISORY OFFICALS I-X (names presently unknown), OFFICERS I-X (names presently unknown), ENTITIES I-X (names presently unknown),**<br><br>    Defendants. | Civ. No. 14-5167<br><br>**OPINION** |

1

In August 2014, the Estate of Saulo Del Rosario and individual family members brought this action under 42 U.S.C. § 1983 against the Paterson Police Department and several individual Paterson police officers ("Defendants"). On November 3, 2016, the Court denied in part and granted in part Defendants' motion to dismiss the Amended Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 77. Defendants now move pursuant to Local 7.1(i) for reconsideration as to Count Nine of the Complaint, Plaintiffs' claim for negligent infliction of emotion distress. For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

On September 1, 2012, Saulo Del Rosario was killed in a confrontation with police in his home in Paterson, New Jersey. A number of family members, including Saulo's six nieces and nephews, were present at the home when Saulo was shot and killed. The family members also witnessed officers remove Saulo's body from the house.

Plaintiffs filed their twelve-count Complaint on June 16, 2015. ECF No. 35. Count Nine, the subject of this motion, alleged negligent infliction of emotional distress ("NIED"). This tort enables bystanders—those who witness a victim's death or grievous injury— to recover for extreme emotional harm, if they share an "intimate, familial" relationship with the victim. *Portee v. Jaffee*, 417 A.2d 521, 527 (N.J. 1980). Defendants interpret "intimate, familial" relationships to include only parental and fraternal relationships, and to exclude a victim's nieces and nephews. *See* ECF No. 63. Defendants thus moved to dismiss Count Nine as it pertained to Saulo's six nieces and nephews, Diosmendy, Yaniris, Carmelina, Emely, Misael, and Miguel Del Rosario. *Id.* On November 3, 2016, the Court denied this part of the Defendants' motion to dismiss, finding that New Jersey case law does not categorically bar nieces and nephews from stating a claim for NIED. Defendants now ask the Court to reconsider its decision pursuant to Local Rule 7.1(i).

## II. LEGAL STANDARD

A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Reconsideration under 7.1 is appropriate if a court "overlooks" controlling law. *See In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005) ("When a matter was considered by the Court, it was not "overlooked."). A motion for reconsideration should not be treated as an appeal of a prior decision. *United States v. Compaction*

*Sys. Corp.*, 88 F. Supp. 2d 339, 345–46 (D.N.J. 1999) ("Disagreement with [a court's] analysis . . . fails to establish a basis for reconsideration.").

### III.   DISCUSSION

To state a claim for NIED, a plaintiff must show, *inter alia*, that the victim and plaintiff shared "a marital or intimate, familial relationship." *Portee v. Jaffee*, 417 A.2d 521, 528 (1980). In this case, the Court found that Saulo's nieces and nephews, four of whom lived with Saulo in the house where the shooting took place, adequately pleaded a prima facie case of NIED. ECF No. 77. In doing so, the Court rejected Defendant's assertion that nieces and nephews are categorically excluded from the pool of NIED plaintiffs. Defendants' motion for reconsideration argues that the Court's interpretation of "intimate, familial relationship" was a "clear error of law." The motion for reconsideration is **DENIED**.

Although no court has addressed whether a niece or nephew may satisfy NIED's intimate-or-familial-relationship requirement, the New Jersey Supreme Court has explicitly directed courts not to rely on "hastily–drawn 'bright line distinctions'" to determine whether an "intimate, familial relationship" exists. *Dunphy*, 642, A.2d at 208, citing *People Express Airlines, Inc. v. Consolidated Rail Corp.*, 494 A.2d 107 (1985). Instead, courts must evaluate whether a particular relationship bares "the presence of deep, intimate, familial ties between the plaintiff and the physically injured person that makes the harm to emotional tranquility so serious and compelling." *Dunphy*, 642 A.2d at 374, quoting *Portee*, 417 A.2d at 526-27. *Dunphy* articulated a "flexible" standard that considers a number of factors, including "the duration of the relationship, the degree of mutual dependence . . . the extent and quality of shared experience . . . [and] their emotional reliance on each other." *Id.* at 112.

In light of the *Dunphy* standard, the Court found that Plaintiffs adequately pleaded the presence of "intimate, familial ties."[1] No cases cited by Defendants undercut this holding. If Defendants disagree with the Court's holding, they are free to appeal. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument.").

---

[1] To be clear, the Court did not hold that nieces and nephews "presumptively qualif[y]" for NIED standing. *Goncalvez for Goncalvez v. Patuto*, 458 A.2d 146, 151 (N.J. App. Div. 1983). The Court simply declined to hold that nieces and nephews are categorically barred from seeking relief.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Defendants' motion for reconsideration under Local Rule 7.1(i) is **DENIED**.

   /s/ William J. Martini   
**WILLIAM J. MARTINI, U.S.D.J.**

**March 20, 2017**