UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF SAULO DEL ROSARIO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PATERSON POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | 14-cv-5167 <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter arises out of the officer-involved death of Saulo Del Rosario in September 2012. The matter comes before the Court on Plaintiffs'[1] response, ECF No. 143 ("Response"), to the Court's Order to Show Cause, ECF No. 142. For the reasons set forth below, summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

The relevant facts were set forth in this Court's January 23, 2020 Opinion ("January Opinion"), familiarity with which is assumed. ECF No. 141. The that Opinion, the Court required Plaintiffs to show "cause why summary judgment should not be entered . . . on (1) the Estate's state-law claims for failure to substantially comply with the [New Jersey Tort Claims Act ('TCA')]'s notice requirements and (2) the Individual Plaintiffs' state-law claims for failure to meet the TCA's claim threshold." Jan. Op. at 12 (citations removed); Order, ECF No. 142. Plaintiffs filed their Response and Defendant City of Paterson ("City") filed an opposition, ECF No. 144 ("Opposition").[2]

II. TCA NOTICE REQUIREMENTS

To satisfy the TCA, plaintiffs must file a timely notice of claim. Jan. Op. at 10. However, technical non-compliance is not fatal where plaintiffs show "substantially compliance."

---

[1] Plaintiffs include Carmen and Yunior Gonzalez, as executors of the decedent Saulo Del Rosario's estate ("Estate"), with live claims under Section 1983 (Counts 1, 2, and 5), negligence (Count 4), wrongful death (Count 6), survivorship (Count 7), and tortious conduct of an employee (Count 10). The remaining Plaintiffs—Javier, Honey, Leidy, Steven (aka Styven), Elvio, Yaniris, Diosmendy, Martha (aka Marta), Emely, Miguel, and Misael Del Rosario ("Individual Plaintiffs")—have live claims under negligence (Count 4), intentional infliction of emotional distress ("IIED") (Count 8), and tortious conduct of an employee (Count 10) theories. Javier, Honey, and Leidy have live Section 1983 claims (Counts 1, 2, and 5) as well.

[2] In addition to the City, the remaining defendants are Officers Kush, Petrazzoulo, Sandoval, Challice, and Ciarla ("Individual Defendants"). Remaining claims against the Individual Defendants include Section 1983 (Counts 1, 2, and 5), negligence (Count 4), wrongful death (Count 6), survivorship (Count 7), and IIED (Count 8). While the City insists only Officer Kush remains, the other Individual Defendants never moved for summary judgment on claims which survived the pleadings stage.

1

A.   **Lack of Notice Explicitly on Behalf of Saulo or the Estate**

The City argues the Court need not address substantial compliance, as the doctrine cannot save a plaintiff that failed to file *any* written notice. Opp. at 2-5. In support, the City cites *Alberts v. Gaeckler*, in which the court found the plaintiff's husband could not piggy back on her notice, when such notice did not mention potential bystander liability. 446 N.J. Super. 551, 557 (Law Div. 2014). This case is materially distinct, in that the later-named executors filed notices which included that "Saulo Del Rosario was shot and killed by Paterson Police Officers" and Paterson "caused [the] wrongful death of decedent." Murphy Ex. 41 at 20-25, 38-43, ECF No. 127-29 ("Executor Notices"). Unlike in *Alberts*, Plaintiffs' submissions provided some notice of claims for Saulo's "wrongful death," and derivative claims are commonplace. *Id.* Accordingly, the Court will address whether Plaintiffs of substantially complied with the TCA.

B.   **Substantial Compliance**

The party invoking the substantial compliance doctrine must show (1) lack of prejudice to the defendant; (2) a series of steps taken to comply with the statute; (3) general compliance with the purpose of the statue; (4) reasonable notice of the claim; and (5) a reasonable explanation why there was not strict compliance with the statute. *Lebron v. Sanchez*, 407 N.J. Super. 204, 215 (App. Div. 2009). The Parties focus on element 1—prejudice. Plaintiffs argue the notices filed adequately alerted the City of the potential suit. Response at 5. The City responds that by failing to file on Saulo's behalf, it was deprived of (1) "the opportunity to assess its potential liability" for the Estate's claims, (2) the ability consider settlement thereof, and (3) "advanced notice of the potential indebtedness or liability." Opp at 6-7.

Quite simply, it strains credulity that the City would not expect to face wrongful death (and derivative) claims when it received the Executor Notices describing the "wrongful death" of Saulo. Further, the Passaic County Prosecutor's Office ("PCPO") was investigating. The City acknowledges that it could not conduct its own investigation until "PCPO remanded the matter back to the City," regardless of any notices. Opp. at 6-7. Further, this suit has been pending since 2014. The City has not been prejudiced in its ability to assess the claims.

Most importantly, the Executor Notices generally comply with the TCA's purposes (element 3), which are to: (1) allow six months for administrative review and the opportunity to settle claims prior to suit; (2) provide prompt notification so claims can be adequately investigated; (3) provide a chance to correct conditions giving rise to the claims; and (4) give advance notice as to potential indebtedness or liability. Response at 4; Opp. at 5-6. The Executor Notices reasonably alerted the City to the potential liabilities from Saulo's alleged wrongful death. The City had an adequate opportunity to review, investigate, and discuss settlement with Plaintiffs' counsel before suit was filed, or had no worse opportunity given the PCPO investigation. And the ability to take corrective action was unaffected.

The remaining elements of substantial compliance are also satisfied. Plaintiffs expeditiously hired counsel (element 2), who filed the notices at a time when the executors had not been appointed (element 5). Response at 6. The notices provided the general outline of the liability-creating event and mentioned Saulo's "wrongful death," as did the cover page (element 4). *Id.* Accordingly, the Court finds that the Estate substantially complied with the TCA's notice provisions, and summary judgment for failure to do so is **DENIED**.

2

## III. TCA CLAIM THRESHOLD

### A. Negligence (Counts 4 and 10, in part)

The Court ordered the Individual Plaintiffs to show cause why judgment should not be entered against them on their state-law claims for failure to meet the TCA's claim threshold. Jan. Op. at 12. In response, "[P]laintiffs do not oppose the motion [sic] as to the state tort law negligence claims. [They] acknowledge that they are subject to [the TCA claim requirements]." Response at 9. Accordingly, summary judgment is **GRANTED** in favor of all Defendants on the Individual Plaintiffs' remaining state-law claims (Counts 4 and associated liability in count 10), with the exception of IIED (Count 8 and 10, in part).

### B. IIED (Counts 4 and 10, in part)

As to the IIED claim (Count 8), only the Individual Plaintiffs' claims against the Individual Defendants remain active. Plaintiffs do not assert that they meet the claim threshold requirements of N.J.S. § 59:9-2(d). Instead, they assert Section 59:9-2 of the TCA does not apply to IIED claims. Plaintiffs point out that public employees lose TCA protection when "their conduct constitutes willful misconduct, intentional conduct, or malice." Response at 9 (citing *Leang v. Jersey City Board of Education*, 198 N.J. 557, 584 (2009); *see also* N.J.S. § 59:3-14 ("Nothing in this act shall exonerate a public employee from liability if it is established that his conduct ... constituted a crime, actual fraud, actual malice or willful misconduct."). Plaintiffs essentially argue that because IIED claims require "intentional and outrage conduct," Section 59:3-14 will necessarily strip away the TCA's protections if liability would otherwise attach. Response at 10; *see also Leang*, 198 N.J. at 587 (finding allegations sufficient for liability and precluding immunities). In response, the City argues the claim threshold requirements in Section 59:9-2 do apply to IIED claims, citing a series of cases applying it. Opp. at 12-14.

Both Parties are partially correct. Sufficient evidence for an IIED claim would preclude protection under the TCA. *See* N.J.S. § 59:3-14. Likewise, if conduct does *not* fit into one of the categories in Section 59:3-13, the TCA's claim thresholds would block IIED liability. Here, the Court is not presented with any conduct by the Individual Defendants—besides Officer Kush—that could satisfy *either* the elements of an IIED claim *or* preclude TCA protections via Section 59:3-14. As no reasonable jury could rule against them, Plaintiffs have failed to show cause why summary judgment should not be entered for their "failure to meet the TCA's claim threshold" as to all Individual Defendants, besides Officer Kush. Jan. Op. at 12.[3]

As to Defendant Kush, in the January Opinion, the Court declined to apply qualified immunity because it could not "rule on the reasonableness of the force" at the summary judgment stage, given remaining issues of fact. *Id.* at 6. Similar considerations militate against a finding—before trial—that Officer Kush did not act with "actual malice" or that his alleged misconduct was not "willful." *See* N.J.S. § 59:3-14; *see also Reading Tube Corp. v. Employers Ins. of Wausau*, 944 F. Supp. 398, 403 (E.D. Pa. 1996) (determining bad faith required "factual

---

[3] Given the lack of evidence of misconduct, if Plaintiffs do not **SHOW CAUSE** why summary judgment should not be entered for the Individual Defendants (besides Kush) on all remaining claims (Counts 1, 2, 4, 5, 6, and 7), the Court **WILL** enter judgment. *See* FRCP 56(f)(1)-(2). Plaintiffs should not attempt to relitigate already-settled issues (e.g., the reasonableness of entering Saulo's bedroom).

determinations by the jury of the state of mind of the defendant"); *Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A.*, 189 N.J. 436, 447 (2007) (finding that "when the subjective elements of willfulness, intent or good faith" are at issue, a conclusion that there is "no genuine issue of material fact will ordinarily be very difficult to sustain"). Accordingly, summary judgment is **DENIED** as to Officer Kush, but **GRANTED** as to the other Individual Defendants.

## IV. CONCLUSION

For the reasons set forth above, summary judgment is **DENIED** with respect to the Estate's failure to comply with the TCA's notice provisions. Summary judgment is **GRANTED** for the Individual Defendants on the Individual Plaintiffs' state law claims (Counts 4, 8, 10), except as to Officer Kush, for whom that judgment is **DENIED** with respect to the IIED claim (Count 8). For clarity, the following claims remain:

- **Counts 1, 2, 5**: Section 1983 claims by the Estate, Javier, Leidy, and Honey against the Individual Defendants.
- **Count 4**: Negligence claims by the Estate only, against all remaining Defendants.
- **Count 6**: Wrongful death by the Estate against all remaining Defendants.
- **Count 7**: Survivorship by the Estate against the all remaining Defendants.
- **Count 8**: IIED by the Individual Plaintiffs against Officer Kush only.
- **Count 10**: Tortious conduct of an employee against the City only.

Summary judgment will be granted on all remaining claims against the Individual Defendants besides Officer Kush (Counts 1, 2, 4, 5, 6, and 7) unless Plaintiff provides sufficient reason otherwise. *See supra* nn.2-3.

Date: April 9, 2020

WILLIAM J. MARTINI, U.S.D.J.